THE STATE v. JOHNSON, *Appellant.*

### Division Two, May 11, 1897.

1. **Clerks of Courts**: PRACTICE: INCORRECT TRANSCRIPTS. There is nothing to excuse a circuit clerk who fails to correctly transcribe instruments in cases appealed to the Supreme Court, nor for awkwardly and carelessly certifying the record of such causes.

2. **Rape**: AGE OF CONSENT. A girl under fourteen years of age can not in contemplation of law consent to cohabit with a man.

3. ———: EVIDENCE: QUESTION OF FACT. Where the only defense offered is that the girl was over fourteen years of age at the time of the cohabitation, the question is one of fact, and there being ample evidence to support the verdict, this court will not interfere.

4. ———: NEW EVIDENCE. It appears in a motion for new trial on account of newly discovered evidence, that all the witnesses named could have been obtained in time for the trial by the exercise of the most ordinary diligence, and that it was merely cumulative and of the same character as that offered. . *Held,* that the motion was properly denied.

*Appeal from Webster Circuit Court.*—HON. ARGUS COX, Judge.

AFFIRMED.

*T. K. Paul* and *J. P. Smith* for appellant.

*Edward C. Crow,* Attorney-General, and *Sam. B. Jeffries,* Assistant Attorney-General, for the State.

GANTT, P. J.—From a conviction of rape and sentence thereon, the defendant has appealed. Owing to the very awkward and careless manner in which this record was certified, the Attorney-General was compelled to ask for a rule upon the clerk to send up true copies of the indictment, and entry of arraignment,

and in this way the consideration of this appeal has been unnecessarily delayed. The failure to correctly transcribe instruments has nothing to excuse it.

The defendant was indicted at the September term, 1895, for unlawfully and feloniously making an assault, and feloniously and carnally knowing one Sarah Montgomery, a female child under the age of fourteen years, at the county of Webster, in this State, on or about the fifteenth day of April, 1895, contrary to statute in such cases made and provided, and against the peace and dignity of the State. He was duly arraigned and put upon trial at the March term, 1896, and convicted, and his punishment assigned at six years in the penitentiary.

The evidence established the sexual intercourse between defendant and the girl, Sarah Montgomery. Indeed, the defendant offered no evidence tending to deny the girl's story, nor many statements and admissions made by him to the same effect to various other parties. The evidence on the part of the State tended strongly to prove that Sarah Montgomery was born January, 1882, and that the criminal connection occurred in April, 1894. The defense consisted wholly in an effort to show that the girl was over fourteen years of age. The jury found against defendant on the issue tendered, and as there was ample testimony, if believed, to support their verdict it must stand. The defendant is not represented in this court. We have, however, in obedience to the statute, examined the whole record. No error is apparent in the record proper. The indictment is sufficient, and the proceedings of the court in impaneling the grand jury, and the petit jury, the furnishing of the panel of jurors, all seem to have conformed to the requirements of the criminal practice of this State. The instructions were such, in all material respects, as have often been commended

by this court. The motion for new trial on account of newly discovered evidence was properly overruled. It appeared that all the witnesses named could have been obtained in time for the trial by the exercise of the most ordinary diligence. Much of the testimony moreover was simply to impeach the mother of the prosecutrix and the prosecutrix herself. The defendant was evidently advised that he would need evidence of this character and offered witnesses to impeach them on the trial. This new evidence is simply cumulative and of the same character.

The girl being under fourteen years of age could not consent within the contemplation of the law.

The trial court heard and saw the witnesses and declined to interfere with the verdict of the jury. Finding no reversible error, we affirm the judgment. SHERWOOD and BURGESS, JJ., concur.